UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-cr-00117-AB |
| v. | INFORMATION |
| CHERYL E. CAMPOS, | 18 U.S.C. § 1343 |
| Defendant. | Forfeiture Allegation |

THE UNITED STATES ATTORNEY CHARGES:

**COUNT 1**
**(Wire Fraud)**
**(18 U.S.C. § 1343)**

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.   Defendant CHERYL E. CAMPOS was a resident of Dayton, Oregon.

2.   The Department of Oregon Veterans of Foreign Wars (VFW) was a non-profit organization headquartered in Portland, Oregon, whose mission was to advocate on behalf of United States veterans of conflicts overseas.

3.   CAMPOS was the Quartermaster for the VFW. In that position, CAMPOS was responsible for overseeing the VFW's financial records and reporting, including managing the

VFW's budget, paying the VFW's bills, and depositing the VFW's income. As the Quartermaster, CAMPOS met with the VFW's finance committee quarterly to review the VFW's financial status.

4.  The VFW maintained its bank accounts at U.S. Bank, a financial institution as defined in 18 U.S.C. § 20. CAMPOS was an authorized signatory on each of the VFW's accounts at U.S. Bank, and as a result, CAMPOS had access to and control over the VFW's accounts.

**B.   THE SCHEME TO DEFRAUD**

5.  Beginning on a date unknown, but no later than on or about January 7, 2022, and continuing through at least on or around June 24, 2024, within the District of Oregon, and elsewhere, defendant CHERYL E. CAMPOS, knowingly and with the intent to defraud, devised, participated in, and executed a material scheme to defraud the Department of Oregon Veterans of Foreign Wars (VFW) as to material matters, and to obtain money and property from the VFW by means of materially false and fraudulent pretenses, representations, half-truths, and promises, and the concealment of material facts.

6.  The scheme to defraud operated, in substance, as follows:

   a.  CAMPOS knowingly misused her position as Quartermaster to access the VFW's bank accounts at U.S. Bank and fraudulently transfer large sums of money belonging to the VFW to CAMPOS's personal bank accounts.

   b.  To conceal the fraudulent transfer from being detected, CAMPOS falsified the VFW's financial documents and records. In some instances, CAMPOS used Adobe Acrobat Pro to delete the fraudulent transfer from the VFW's bank statements. In other instances,

CAMPOS input fake transactions in QuickBooks to offset the fraudulent transfer in the VFW's balance sheet.

   c. CAMPOS further made material misrepresentations and half-truths to the VFW finance committee during quarterly meetings. In particular, each quarter, CAMPOS falsely certified that, to the best of her knowledge and belief, the fabricated financial documents and records CAMPOS provided to the VFW finance committee were true and correct statements of the VFW's financial status for the quarter. These were false certifications and misleading half-truths because the financial documents and records CAMPOS provided to the VFW finance committee were manipulated to conceal from the VFW's finance committee that CAMPOS fraudulently transferred large sums of the VFW's money to her personal accounts.

   d. The VFW finance committee relied on CAMPOS's misrepresentations and half-truths. Each quarter, the VFW finance committee reviewed the VFW's books and records using the fabricated financial documents and records CAMPOS provided them. Consequently, the VFW finance committee was deceived by CAMPOS each quarter into believing that the VFW's financial status was as CAMPOS mispresented to them and was unaware that, in truth, CAMPOS had defrauded the VFW out of large sums of money.

   e. CAMPOS used most of the money she obtained from the VFW through her fraudulent scheme to buy crystals, semi-precious rocks, marbles, stones, statues, among other similar items. Defendant also used the money to buy a family member a Toyota Tundra and to pay for miscellaneous personal expenses, including credit card payments and retail purchases.

   f. By means of the fraudulent scheme described above, CAMPOS fraudulently transferred about $1,786,530 from VFW's bank accounts to her personal bank accounts.

**Information**                                   **Page 3**

      g.      At the time of the false and fraudulent pretenses, representations, half-truths, promises, and omitted facts described above were made, CAMPOS knew they were false and acted with the intent to deceive and cheat. The false and fraudulent pretenses, representations, half-truths, promises, and omitted facts were material because they could influence and did influence the decisions of the VFW.

**C.**     **USE OF THE WIRES**

      7.      On or about June 17, 2024, in the District of Oregon, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant CAMPOS transmitted and caused the transmission of $70,000 by wire from the account ending in 1586 at U.S. Bank in Portland, Oregon, to the account ending in 6901 at U.S. Bank in Portland, Oregon, through servers located in either Kansas or Minnesota.

      All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

Upon conviction of the offenses alleged in Count 1 of this Information, defendant CHERYL E. CAMPOS shall forfeit to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, including but not limited to a money judgment for a sum of money equal to the amount of property constituting or derived from proceeds traceable to the offenses.

If the above-described forfeitable property, as a result of any act or omission of defendant CAMPOS:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, under 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of defendant CAMPOS up to the value of the forfeitable property described above.

Dated: March  24 , 2025              Respectfully submitted,

                                                           WILLIAM M. NARUS
                                                           Acting United States Attorney

                                                           _/s/ Robert S. Trisotto_
                                                           ROBERT S. TRISOTTO, NYB #4784203
                                                           Assistant United States Attorney